and others. And is it Mr. Bailey? Bailey. Bailey, I'm sorry. Good morning to you and you may proceed when you're ready. Thank you, Your Honors. May it please the Court, Jeremy Bailey on behalf of the appellants, Ms. Ryder and Ms. Lee, the narrow legal issue before the Court is whether plaintiff's allegations of monetary damages were sufficient to state a claim for damage to a property interest under RICO. The District Court erred in dismissing this case for lack of jurisdiction for two reasons. First, the monetary damages pledged were within this Court's framework in Doe and Evans as a property interest separate from the personal injuries. And second, applying some sort of categorical bar anytime you have a personal injury that you can't later have a RICO action based on separate property damages is inconsistent with RICO's text and Congress's intent for its broader media purpose. Turning to the first point, Doe and Evans really set the framework for what is a property interest under RICO. Doe began by describing it as you can't have a damage that is incidental to a personal injury, right? Loss of consortium, pain and suffering, things of that nature. It can't be incidental to. Evans, following Doe, confirmed that it can't be personal injury damages, can't be bodily injury or pain and suffering. But the court there was faced with an employment law claim. It was an unliquidated claim based on a tenuous, at best, employment history. The court said there is no recognized Illinois property right for this unliquidated future employment. But the court noted that if there was a promise for or contracted for wage, that that would be a property interest separate and apart from the personal injury damages of lost past wages or loss of future earning capacity. That that would be enough to state a claim under RICO for property damages. So that's really the framework that this court has set out, is that you have personal injury damages and things incidental there, too. And then you also have property damages that may be caused by a personal injury claim, but are separate damages from those personal injury damages. And that's what the plaintiffs pleaded here. They pleaded that loss of monetary compensation. Plaintiff Joy, for instance, pleaded that she paid money to participate in activities, particularly the singing group was one of them. She paid money to participate in this musical education experience and that the defendant's actions interfered with and deprived her of the property right that she had bargained for. That's very similar to what the court in Evans left open as that would satisfy the property damage element under RICO because it's a promise for, contracted for, bargain separate and apart from any type of personal injury claim for lost wages. Mr. Bailey, I notice with respect to one of your clients who attended a college that apparently the defendants were involved with, you didn't plead that that particular client paid tuition to the college. Am I correct? Correct, Your Honor. We didn't plead that, no. But you, it's, it's a glaring omission in a way because you did plead with respect to other activities that there was some kind of payment. It just seems strange that you didn't plead that with respect to what is certainly a more cognizable product, i.e. education, unless there was no tuition payment. I would say, Your Honor, this was dismissed on the first go round by the court. We didn't have an opportunity to amend to address some of those deficiencies that we might have pleaded differently had we been given the opportunity. While it is styled as a second amended complaint, primarily the only thing that occurred was adding an additional party to the complaint and not addressing any concerns by the court. The first direction from the court was the order dismissing this case without prejudicing, without leave to amend, and closing the case. So, with the opportunity to amend, yes, Your Honor, there would be additional allegations that could be made, but we weren't given that opportunity at this time. Mr. Bailey, can I ask you a question while we're at it? The allegations here are very, very tragic. Unfortunately, there's been a number of other similar reported stories with respect to clergy abuse, abuse by athletic coaches, and the like. Where is the state of the law with respect to civil RICO as a way of getting at those harms which have occurred here? I think with your clients, the underlying alleged assaults occurred in the 70s, did they not? They did, Your Honor. Right, and so there's a lot of cases like this one that entail allegations of cover-up and trying to keep the facts from coming out. But have courts around the United States recognized civil RICO as a way of getting to this? I'm not aware of many, if any, civil RICO actions being able to survive this pleading requirement. So, you are correct, Your Honor, and I would say that there's maybe two different elements at issue here. One is, you're right, many of the cases that have addressed this have had predicate acts that are primarily, if not solely, based on that personal injury, the sexual assaults. And those have largely failed. I can't think of one that has been successful. What we have here is a predicate act as the obstruction of justice. In the Zimmerman case that we cited from the Eastern District of New York, they have the mail fraud, where when you have a separate predicate act apart from the personal injury, and you have separate property damages apart from the personal injury. Like in the Zimmerman case, for instance, it was successful. In Zimmerman, there was a sexual abuse cover-up and allegations that the school mishandled the investigation, and there was financial contributions made by alumni. And the court said that those financial contributions by the alumni in response to those solicitations from the school where they were hiding or covering up or obstructing the investigation were the type of damages that RICO was not designed to address. So, there has been some, I would say, to Your Honor's point, if it's a RICO action based on sexual abuse, you're right, it's probably not going anywhere. But if there's a separate predicate act and separate damages, there has been some success for those cases. I only have about two and a half, two minutes and some change. May I reserve the remainder for rebuttal? Yeah, of course you can. Mr. Weiler, good morning. We'll turn to you. Good morning, Your Honors. Thomas Weiler on behalf of First Baptist Church of Hammond, Indiana, Inc. and Hiles Anderson College. I'm also arguing on behalf of David Hiles, as the arguments are the same. May it please the court and counsel. To have standing in a civil RICO case, a party must plead an injury to business or property. Judge Norgel dismissed this case because there was a failure to allege such an injury. On appeal, belatedly recognizing that their second amended complaint did not allege facts to support an injury to business or property, the appellants have seized on two sentences from their second amended complaint to argue that they did, in fact, plead an injury to business or property. In failing that, their second argument is that this court should, quote, clarify its decisions in Evans and Doe to allow for injuries that are derived from personal injury claims to create standing under RICO. In effect, asking this court to overturn Evans and Doe under the guise of clarification. Regarding the first argument, the two paragraphs that the appellants cite are from Joy Ryder's claim in paragraphs 53 and 54 of the second amended complaint. That Joy paid fees to participate in a strength and beauty class and various youth activities and that she paid money as tithes and offerings. There are no such claims on behalf of Ms. Lee. The appellants argue that it was the interference with the participation in activities that Joy Ryder alleges she paid for that constitute the injury to business or property. And they also argue that a so-called misappropriation of donated funds in the 70s and 80s is a recognized loss of a property interest. With respect to the first argument that there was an interference with activities, this argument fails because it's the same argument that this court rejected in Evans when it rejected the rationale in the Diaz case from the Ninth Circuit that the appellants rely upon. In footnote 26, the court addressed this issue of Diaz and footnote 26 of the Evans decision. The court addressed the Diaz decision and said specifically in Diaz the interference with current or prospective contractual allegations or relations entails some pecuniary consequence. It does not mean that RICO standing has been established for it is part and parcel of the underlying personal injury claim, i.e. it flows from it and cites Ryder, the Supreme Court case in Ryder. That's exactly what the appellants argue here, that it was the sexual abuse in this case, the personal injury claim component of the claim that interfered with their enjoyment of these activities, these youth activities that they paid for. So without the sexual abuse having occurred, there would have been no interference. It is exactly the sexual abuse that caused the interference and from which this claim injury to this property entrance resulted. It flows from it. There's no way to get around that. So just as Diaz argued that interference with contractual relations constituted an injury, that's what Ryder and Lee are trying to argue here, that this interference with their enjoyment of the activities constitutes the same business or property injury. This court rejected that argument. The injuries that flow from the abuse cannot create standing for a RICO claim. The appellants might have had a claim, some sort of claim at some point, but not under RICO. The second argument that they make that there was a misappropriation of donated funds, there's no citation or support for that argument, neither in the second amended complaint nor in the case law. And I didn't hear counsel argue that case, except to the extent that he referred to the Zimmerman case. In the Zimmerman case, again, it's a district court decision out of New York, which is a very different case than here. In that case, it actually supports our position because the court in Zimmerman dismissed the claims of the individuals who actually suffered sexual abuse. They brought claims under RICO alleging that they suffered sexual abuse while in high school. The court rejected those claims for the same reason here, there was a lack of standing. The claims that the court did not dismiss were based upon allegations by or claims made by alumni who responded to a solicitation for donations by the school based upon representations by the school that they were unaware of the allegations against this particular teacher. At the time that it occurred, the court determined that because those representations were false or fraudulent, allegedly false or fraudulent, in that it was the reliance upon those false or fraudulent statements that those individuals might have a civil RICO claim. I'm sorry to interrupt you, when the term is thrown around in the briefing RICO standing, that's being used as a term of art correctly, nobody's using that in terms of Article 3 subject matter jurisdiction. In other words, the whole 12B1 versus 12B6 aspect of this I think is off point. Your position is there's a pleading failure here because RICO requires you to plead injury to business or property. It's not that we have an Article 3 standing problem. Well, the courts have characterized it as a standing issue to assert a claim, a civil claim. Right, in the same way, like, for example, in antitrust law, we talk about the concept of antitrust standing. Right, and so it's a term of art. I don't mean to get hung up on this, I think this is a 12B6 issue, this has nothing to do with subject matter jurisdiction. Right, we did assert a claim under 12B6 as well as a 12B1 claim, and I agree that it does get confusing at times, and it's difficult to draw the distinction. And you're not arguing that we lack appellate jurisdiction either, even though there's no Rule 58 judgment entered by the district court. Correct. This court can determine, has the obligation to determine whether it has, I'll use the term standing, to determine whether there's a RICO claim made in this case. Nobody caught the fact that the district court never entered a final judgment. It wrote an order, right, but there's a separate requirement. I don't think it matters because of the application of the rules of appellate procedure and the time that ran from the entry of the dispositive order of dismissal. Correct. Arguably, they could have, the appellants could have repleted and taken another go at it. They didn't do that in this case. They stood on their pleadings, which was their second complaint filed. We had already filed a motion to dismiss the first amended complaint, and before the time came for them to respond to it, they sought to file a second amended complaint, which was the one that was actually decided. And there's nothing before us, just part of this is me ruling out what's here and what's, there's no issue before us about venue. I can't figure out for the life of me why this is in Illinois. That's one thing. And then number two, there's no issue about the statute of limitations before us either, right? We did raise the statute of limitations arguments in the motion to dismiss. The court never reached it because of its decision. Okay, so we just have the pleading issue. That's it. Correct. Okay. Very well. Thank you very much, Mr. Weiler. Thank you. Mr. Bailey, we'll turn back to you. You got about three minutes. Thank you, Your Honors. May it please the court. Three brief points on rebuttal. The first point that I would make as to Zimmerman, Zimmerman is very closely on point because all the plaintiffs alleged that they had suffered sexual abuse. Even the two plaintiffs, Colhane and Henningsen, that their claims were allowed to proceed. They all claimed they suffered sexual abuse. The reason Colhane and Henningsen were allowed to proceed further than the other 10 plaintiffs was that they had pleaded that they had made financial donations or financial contributions to the enterprise that they use that money in furtherance of the enterprise. And that was the Rico Credit Act, and that was the property interest. That was separate and apart from the personal injury damages, and that satisfied the requirement at the pleading stage to plead a property damage. I thought it was about that. I mean, that's right so far as it goes, but Zimmerman was about a fraud fraudulent mailings or alleged fraudulent mailings. It was basically a fraudulent or alleged to be a fraudulent fundraising scheme. Yes, Your Honor. And to my tooth, I guess that takes me to my second point is that of the predicate acts of Rico, so many of them involve things that would necessarily cause a personal injury to say that anything tangentially related to personal injury can't also qualify as a property damage. I think it's a misreading of Evans, but also contrary to Rico. I mean, the Rico predicates include murder, kidnapping, human trafficking, slavery. I mean, all these things that, by their definition, would cause a personal injury. But if they also suffer a property damage like the plaintiff pleaded here at paragraphs 11, 20, 21, 23, Plaintiff Joy pleaded at 53 and 54, a separate monetary thing, right, either a contribution or payment for services to be rendered. If there's a separate property damage that's pled, that's within Evans where this court at page 928 said that if you're unlawfully deprived of that property right, that would satisfy the requirement under Rico. Stated another way, Evans might have gone another direction if the plaintiff in Evans could have pled that he had a contract for wages while he was what he believed to be wrongfully incarcerated. That would have paired together, that would have been enough under page 98 what this court said was something concrete as to a promise for or contracted for wages. So, similarly, Plaintiff Joy, she pleaded the services rendered, a payment that she was expecting for the services rendered. She didn't receive what she bargained for. At the very least, as Your Honor mentioned, on what is more akin to a 12B6 motion, the plaintiffs were given only one shot. No chance to amend, no chance to readdress. I see my time has expired. We ask the court refers. Thank you. Yeah, thanks to you, Mr. Bailey. Mr. Weiler, thank you. The case will be taken under advisement. That reaches the end of our argument calendar for today, so the court will be in recess.